UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

RICHARD RILEY                         CIVIL ACTION NO. 3:10-cv-1819
        LA. DOC #124765
VS.                                   SECTION P

                                      JUDGE ROBERT G. JAMES

LARRY G. COX, ET AL.                  MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Richard Riley, proceeding *in forma pauperis*, filed the instant civil rights

complaint pursuant to 42 U.S.C. §1983 on November 22, 2010.  Plaintiff is an inmate in the custody

of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Madison

Parish Detention Center, Tallulah, Louisiana and he complains that the defendants, Madison Parish

Sheriff Larry G. Cox, and Major Antonio Johnson have denied him the right to participate in a work-

release program. He seeks compensatory damages in an unspecified amount.  He also complains that

his prior attempts to litigate this issue were thwarted by the defendants who refused to forward

various documents to the Court.

This matter has been referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as

frivolous.

*Background*

Plaintiff is an inmate in the custody of the LDOC who is incarcerated at the MPDC.  On

March 4, 2010, he filed a civil rights complaint against Sheriff Cox and others claiming, as he does

here, that he and other inmates at MPDC are being denied the right to participate in the work-release program at that facility.  Plaintiff's application to proceed *in forma pauperis* was deemed deficient because he failed to have the form completed by the MPDC accounts officer. On May 3, 2010, he advised the Court that he was unable to cure the deficiency because prison staff refused to comply and provide the necessary authorization.  On September 1, 2010, his complaint was dismissed for failing to comply with the deficiency order.  *Richard Riley v. Larry Cox, et al.*, No. 3:10-cv-0424.

Then, on November 22, 2010, plaintiff filed the instant complaint again alleging that the defendants denied him the right to participate in the prison's work-release program.  He also alleged that "...The administration here at Madison Parish are denying our legal documents to be forward to the courts..." He submitted a Motion to Proceed *In Forma Pauperis* which was properly executed and signed by an authorized deputy on November 12, 2010.  [Doc. #2] His motion was granted on December 13, 2010, and he has been permitted to litigate his work-release claims in this proceeding. [Doc. #3]

## *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d

114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340

(1992). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d

480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as

frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th

Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad

discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge

No. 153*, 23 F.3d 94, 97 (5th Cir.1994). Plaintiff has set forth specific facts and has implied various

legal theories which he claims entitle him to relief. He need not be afforded an opportunity to amend

his complaint.

## 2. Work Release – Due Process/Equal Protection

In order to obtain relief under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that

a constitutional right has been violated and (2) that the conduct complained of was committed by a

person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v.

Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff claims that the defendants, who are all state

actors, deprived him of his right to participate in the LDOC or MPDC work release program; he

implies that in so doing, the defendants violated his right to Due Process.

Plaintiff has neither a liberty nor property interest in the work release program and therefore

his due process claim is frivolous. La. R.S.15:1111, the statute establishing the LDOC's work release

program, provides in part, "The Department [of Corrections] shall establish rules for the

administration of the work release program and shall determine those inmates who may participate

in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any

time during his sentence to participate in the work release program...”  The statute's local counterpart, La. R.S.15:711 provides, “The sheriff of each parish ... is hereby authorized to establish and administer a work release program for inmates of any jail or prison under his jurisdiction.... Each sheriff shall establish written rules for the administration of the work release program and shall determine those inmates who may participate in the program...”

In *Welch v. Thompson*, 20 F.3d  636 (5th Cir. 1994),  the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC.  The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that “...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause.” *Welch v. Thompson*, 20 F.3d  636, 644 (5th Cir. 1994). It is reasonable to conclude that R.S.15:711 likewise does not create a liberty interest.

Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff also implies that he was deprived of a “property interest” as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact.  In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a “unilateral expectation” of it.  Rather, he must “have a legitimate claim of <u>entitlement</u> to it.” *Id.* (emphasis supplied).   Thus, the “property interest” protected by the due process clause of the Fourteenth Amendment is defined by the concept of “entitlement,” which in turn describes “the security of interests that a person has already acquired

4

in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988. Plaintiff can point to no rule or understanding which entitle him to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest in work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995).  Plaintiff is not entitled to participate in either the Department of Corrections' or Madison Parish Sheriff's work-release programs and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, his claims are subject to dismissal as frivolous.

To the extent that plaintiff might imply a violation of equal protection, such claim fares no better. In order to state a claim of discrimination under the Equal Protection clause, plaintiff must demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001). Plaintiff has made no such showing and thus, any implied equal protection claim is also subject to dismissal as frivolous.

### 3. Access to Courts

Plaintiff also complains that he was denied the right of access to the Courts. The right to access the courts requires that inmates be allowed a reasonably adequate opportunity to file non-frivolous lawsuit challenging their convictions and the conditions of their confinement. *Jones*

*v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999).  Prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims.  *Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)("Of course, we leave it to prison officials to determine how best to ensure that inmates ... have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement.")

Plaintiff complains that the prison administration refused to assist him in obtaining *in forma pauperis* status in his previous suit. His allegation would appear to be contradicted by the fact that he was able to submit the appropriate motion, executed by a prison accounts officer, and that he was ultimately allowed to litigate his work-release claim in this proceeding.

Even if the defendants interfered with plaintiff's access to the court, in order to prevail on such a claim, plaintiff must demonstrate an actual injury stemming from defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To prevail on such a claim, a prisoner must show that his legal position has been prejudiced. See *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988). He must allege and ultimately demonstrate that he was prevented from raising a meritorious legal issue. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (emphasis supplied).

Plaintiff was ultimately permitted to litigate his claim. As is shown above, the claim is frivolous. Therefore, plaintiff's access to court claim is also frivolous.

### 4. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH**

6

**PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(B)(i) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

7